**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

---

JAMES GOODWIN,

        *Plaintiff,*

    *v.*

SEDGWICK CLAIMS MANAGEMENT SERVICES LTD, NICK PAUL, SARAH MICHALKA, and HCA MANAGEMENT SERVICES, LP,

        *Defendants.*

---

**COMPLAINT**

**3:23-cv-747**

**JURY REQUESTED**

Plaintiff James Goodwin, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendants Sedgwick Claims Management Services Ltd, Nick Paul, Sarah Michalka, and HCA Management Services, LP ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about a breach of fiduciaries duties owed to a disabled employee that resulted in the denial of disability benefits Plaintiff was entitled to under a qualified plan.

**JURISDICTION**

2. Pursuant to 28 USC 1331 this Court has jurisdiction as the case or controversy arises under a federal statute, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

**PARTIES**

3. Plaintiff was and is a resident of Texas.

4. Defendant Sedgwick Claims Management Services Ltd. has a principal place of business at 8125 Sedgwick Wy, Memphis, Tennessee, 38125.

5. Defendant Sedgwick is a mega conglomerate that manages billions of dollars of insurance and disabilities claims and managed and administered the plan in this case.

1

6. Defendant Nick Paul is a resident of Tennessee.

7. Defendant Sarah Michalka is a resident of Tennessee.

8. Defendant HCA Management Services, LP has a principal place of business at One Park Plaza, Nashville, Tennessee, 37203.

## STATEMENT OF FACTS

9. Plaintiff was an employee at HCA under Nick Paul's supervision, authority, and control since 2017.

10. Plaintiff enrolled in a disability plan ("the Plan") organized and administered by Sedgwick, Nick Paul, Sarah Michalka, and HCA (hereinafter "Plan Administrators" or "Defendants").

11. As Plan Administrators, Defendants owed duties of care and loyalty to all Plan beneficiaries, including Plaintiff.

12. Those duties of care and loyalty demanded that Defendants act prudently to be informed of all relevant material related to claims under the Plan and to act for the benefit of the beneficiaries.

13. During Plaintiff's employment, he became disabled.

14. On or about May 11, 2020, Plaintiff has a psychotic break and was ultimately admitted into a hospital. Plaintiff was diagnosed with alcohol dependence disorder and Generalized Anxiety Disorder, both of which are recognized as disabilities under the Americans with Disabilities Act.

15. Defendants Sedgwick and Sarah Michalka became aware of the Leave of Absence on May 12, 2020, but Defendants HCA and Nick Paul became aware of the disabilities on May 11, 2020.

16. Defendants continued to receive information from Plaintiff, his family, and his

providers that he had been diagnosed with disabilities and would remain in treatment and on disability leave at least until November 6, 2020.

17. On July 6, 2020 Sedgwick communicated to Defendants that Plaintiff's Short-Term Disability Leave was denied from June 22, 2020 through 'return to work' because of a lack of medical information.

18. Sedgwick also claimed that Plaintiff's FMLA was denied for the period June 22, 2020 through 'return to work'.

19. Plaintiff did not have access to a telephone until June 27, 2020, because of his treatment plan, which Sedgwick knew about.

20. On July 7, 2020 Sedgwick communicated to Defendants Nick Paul, Sarah Michalka, and HCA that Plaintiff's FMLA leave status was pending.

21. On July 9, 2020, Plaintiff's provided information to Defendants confirming Plaintiff's disability diagnosis.

22. On July 20, 2020, Defendants confirmed that they had confirmation of Plaintiff's disabilities, confirmation sent from the provider on July 9, 2020.

23. On July 30, 2020 Sedgwick communicated to Defendants Nick Paul, Sarah Michalka, and HCA that Plaintiff's disability claims were approved and extended through August 11, 2020.

24. However, on July 24, 2020, Defendants Nick Paul, Sarah Michalka, and HCA had terminated Plaintiff, knowing that the termination was illegal and would interfere with Plaintiff's right to FMLA leave and Plaintiff's right to participate in the Plan.

25. On August 27, 2020, the continuation of Plaintiff's Short-Term Disability was denied from August 12, 2020 through return to work because he was listed as terminated on July 24, 2020.

26. Absent this denial and his termination, Plaintiff intended to utilize all of his disability leave through November 2020, and perhaps longer depending on the directives from his providers.

27. On June 6, 2021, Plaintiff commenced an action in the Northern District of Texas, 3:21-cv-01558-L, against HCA and Nick Paul, asserting claims of disability discrimination and FMLA interference. That lawsuit was subsequently transferred to arbitration.

28. However, Plaintiff's ERISA claims under the Plan, as a matter of law, are not arbitrable and, therefore, proper before this Court.

29. Nick Paul, a senior executive at HCA and Plaintiff's direct supervisor, has stated that he was the sole decision maker for the termination.

30. Nick Paul has also stated that he knew that Plaintiff was on a medical leave, but was unaware of what FMLA and/or disability leave Plaintiff was entitled to and made no effort to find out.

31. Sarah Michlaka, a human resources professional for HCA, confirms that she was also uncertain when Plaintiff's FMLA ended or what disability leave would be available to him as she relied on Defendant Sedgwick for that determination.

32. Defendant Michalka also falsely reported that Plaintiff had returned to work when Plaintiff had never return to work or indicated a specific intent to return to work at any point.

33. Further, Plaintiff's providers had not approved his return to work, even though the provider had indicated a return to work target of November 6, 2020.

34. However, it was Defendant Paul, on behalf of Defendant HCA, who illegally terminated Plaintiff and interfered with his rights under an ERISA plan administered by Defendant Sedgwick.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Wrongful Denial of Benefits in Violation of ERISA § 502(a)(3) Against Defendant Sedgwick, Nick Paul, Sarah Michalka and HCA Healthcare

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. Plaintiff has been disabled since May 11, 2020.

37. Plaintiff was a beneficiary under Defendants Sedgwick, Nick Paul, Sarah Michalka, and HCA's disability plan when he became disabled.

38. Defendants Sedgwick, Nick Paul, Sarah Michalka, and HCA denied Plaintiff his STD Plan benefits while he was disabled.

39. Specifically, Defendants improperly placed Plaintiff's return to work date as July 20, 2020, and Nick Paul, Sarah Michalka, and HCA terminated Plaintiff when he was not at work.

40. This was incorrect as Plaintiff was still on FMLA leave.

41. Defendants Sedgwick, Nick Paul, Sarah Michalka, and HCA's denial of benefits was arbitrary and capricious and lacks any substantial evidence to validate the denial.

### SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty under ERISA § 502(a)(3) Against Defendant Sedgwick, Nick Paul, Sarah Michalka and HCA Healthcare

42. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

43. At all relevant times, Plaintiff was a beneficiary under the STD Plan.

44. At all relevant times, Defendants had an affirmative duty to act solely in the interest of the participants and beneficiaries of the STD Plan and to act for the exclusive purpose

5

of providing benefits to participants and beneficiaries of the STD Plan pursuant to Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

45. At all relevant times, Defendants had an affirmative duty to act solely in the interest of the participants and beneficiaries of the STD Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of the like character and with like aims pursuant to Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

46. Defendants completely failed to calculate a duration of twelve weeks.

47. Defendant Sedgwick communicated to Defendants Nick Paul, Sarah Michalka, and HCA that Plaintiff's FMLA leave ended on or about June 22, 2020.

48. This was inaccurate, as twelve weeks from May 11, 2020 is roughly August 3, 2020.

49. Defendant Sedgwick's information was faulty, Defendants Nick Paul, Sarah Michalka, and HCA wholly failed to verify Plaintiff's return to work date and FMLA exhaustion date.

50. Defendants Nick Paul, Sarah Michalka, and HCA terminated Plaintiff because of an incorrect return to work date.

51. Thereafter, Plaintiff was denied benefits, which he intended to receive, solely because he was terminated.

### SIXTH CAUSE OF ACTION

**Breach of Fiduciary Duty under § 502(a)(1)(B) Against Defendant Sedgwick, Nick Paul, Sarah Michalka and HCA Healthcare**

52. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

53. Defendants denied Plaintiff benefits under the STD Plan due to him under the terms of the STD Plan.

54. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

55. At all times relevant to this claim, Plaintiff was entitled to short term disability benefits under the STD Plan given that Plaintiff met the definition of disability contained in the STD Plan.

56. Defendants' denial of STD Plan benefits to Plaintiff constitutes a violation of the terms of the STD Plan and Plaintiff's rights under the same.

57. Plaintiff is entitled to have the Court conduct a *de novo* review of the issues stated herein.

58. In the alternative, Defendants' decision to deny Plaintiff's benefits is arbitrary and capricious.

59. Plaintiff seeks to recover benefits denied under the STD Plan in addition to attorney's fees and costs, pre-judgment and post-judgment interest, and all such other relief to which he may be entitled.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, performance of the Plan, damages for failure to exhaust benefits under the Plan, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, performance of the Plan, damages for failure to exhaust benefits under the Plan, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, performance of the Plan, damages for failure to exhaust benefits under the Plan, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

D. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
April 8, 2023

                    **THE HARMAN FIRM, LLP**

By: *[signature: Walker G. Harman Jr.]*

                    Walker G. Harman, Jr.
                    1270 Sixth Ave.
                    Suite 756
                    New York, NY 10020
                    (646) 248-2288
                    wharman@theharmanfirm.com
                    *Attorney for Plaintiff*